# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

DAVID CHARLES PAUL,

        Petitioner,

v.                                  CIVIL ACTION NO. 6:11-cv-00987
                                  (Criminal No. 6:09-cr-00088)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner David Charles Paul, *pro se*, ("Petitioner") filed a Petition pursuant to 28 U.S.C. § 2255 [Docket 75]. On December 15, 2011, this Court referred the Petition to Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(b).

On December 28, 2011, Magistrate Judge Stanley issued a PF&R recommending the dismissal of the Petition with prejudice as untimely filed. (Docket 79 at 3.) Magistrate Judge Stanley also recommended that the Court find that Petitioner's offense level under the United States Sentencing Guidelines was properly enhanced under USSG § 2D1.1(b)(1) based on the finding that Petitioner possessed a firearm. (*Id.* at 3-4.) Finally, Magistrate Judge Stanley recommended that the Court find that Petitioner's application for habeas corpus relief is not a cognizable claim. (*Id.* at 5.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Stanley's PF&R were due on January 17, 2012, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R (Docket 79), **DENIES** Petitioner's Petition [Docket 75], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's active docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a), Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the

Petitioner, pro se, and Magistrate Judge Stanley.

**IT IS SO ORDERED.**

ENTER: January 9, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE